[Crim. No. 299.   Third Appellate District.—May 27, 1915.]

THE PEOPLE, Appellant, v. CARLO ANTONETTI, Respondent.

CRIMINAL LAW—DISMISSAL OF INDICTMENT.—The order of dismissal of the indictment in this case is affirmed on the authority of *People* v. *Knowles,* (Crim. No. 297), *ante,* p. 498.

APPEAL from an order of the Superior Court of Tuolumne County dismissing an indictment.   G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

J. C. Webster, for Respondent.

THE COURT.—Defendant was jointly indicted with one J. Ruffino for having unlawfully sold intoxicating liquor in violation of the Local Option Law. Ruffino was found guilty and judgment entered that he pay a fine of one hundred and fifty dollars or be imprisoned in the county jail for one day for each two dollars of said fine. He paid the fine and was discharged. When Antonetti was called for trial he moved that the action be dismissed on the same ground as was urged in the case of *People* v. *Knowles* (Crim. No. 297,) *ante,* p. 498, this day decided.

It appears from the bill of exceptions that defendant was subpoenaed to appear before the grand jury of Tuolumne County. We quote from the bill of exceptions:

"Carlo Antonetti, called, sworn and examined, testified as follows: Mr. Hardin: Mr. Antonetti, the grand jury are, at this time, considering the alleged charge, a charge against you for the sale and delivery of liquors within the third supervisorial district in violation of what is known as the Local Option Law, and testimony has been placed in here to that effect, delivering liquors at your place of business to parties there, and conducting a room whereby other parties could go and drink liquors upon the premises; now, the grand jury can't require of you any testimony whatever, as you are one of the parties, one of the defendants named, and can't compel you to make any statement, and any statement you might make, of course, would be  free and voluntarily made, and could be used against you if detrimental to you, but the grand jury at this time are desirous of giving you an opportunity of making a statement, if you desire to; in view of this do you wish to make any statement in connection with this matter? A. I never did sell anything.

"Q. To get this settled first, do you wish to say anything? The grand jury can't compel you to say anything unless you want to. Do you want to make a statement in connection with this matter?

"A. I don't got nothing to do with the wine nor nothing else. I be only a partner running the boarding house; I never sell any wine, nothing of the kind.

"Q. Do you wish to make a statement to that effect, your connection with the business?

"A. I haven't got nothing to do with the wine, anything of the kind.

"Q. Do you want to make a statement to that effect to the grand jury? A. Yes."

He was then examined at great length and, concededly, his testimony was used as the basis for the indictment against him.

In all essential particulars the case does not differ from *People* v. *Knowles* and the questions presented are the same. Upon the authority of that case, the order is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1915, and the following opinion then rendered thereon:

THE COURT.—The application for hearing in this court after decision by the district court of appeal of the third district is denied, for the reasons stated in our opinion filed in denying such a petition in the case of *People* v. *Knowles,* (Crim. No. 297), *ante,* p. 498.